UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-20526-CIV-MORENO/GOODMAN

BIOVAIL LABORATORIES
INTERNATIONAL SRL,

    Plaintiff,

vs.

WATSON PHARMACEUTICALS, INC.,
WATSON LABORATORIES, INC.-FLORIDA,
and WATSON PHARMA, INC.

    Defendants.
_____/

## ORDER ON DEFENDANTS' MOTION TO COMPEL PRODUCTION OF JOINT DEFENSE AGREEMENT

In this patent infringement action, the Defendants, Watson Pharmaceuticals, Inc., Watson Laboratories, Inc.-Florida, and Watson Pharma, Inc., seek to compel the production of a joint defense agreement between the Plaintiff, Biovail Laboratories International SRL ("Biovail"), and Sanofi-Aventis US LLC, a non-party who is Biovail's commercial partner with respect to an antidepressant called Aplenzin®. The Court has considered the motion and associated briefing, the argument of the parties, independently reviewed the joint defense agreement *in camera* and held a hearing on August 30, 2010.

Parties may obtain discovery regarding any matter that is relevant to any party's claim or defense and is not privileged. Fed. R. Civ. P. 26(b). When a party seeks to compel production of a joint defense agreement, courts will examine the agreement *in camera* and make an independent determination regarding the nature of the agreement. *See Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, No. 07-22326, 2008 WL 756455, at *5 (S.D. Fla. Mar. 11, 2008). In certain instances, it may also be appropriate for courts to order the production of relevant, non-privileged portions of a joint defense agreement while permitting the producing party to redact privileged or non-relevant information.

*See id.* (ordering the production of portions of the joint defense agreement that pertained to settlement but not portions containing attorney work product).

Biovail contends that the joint defense agreement need not be produced because it is protected by the work product doctrine and because it is irrelevant. As explained below, the Court need not determine whether the joint defense agreement deserves work product protection because the motion to compel can be resolved on a threshold issue -- whether the agreement is even *relevant* for discovery purposes.

A joint defense agreement that "merely contains language that parties typically include in joint defense agreements to protect from discovery privileged information revealed to a third party" is not relevant to any parties' claims or defenses. *Warren Distrib. Co. v. InBev USA L.L.C.*, No. 07-1053, 2008 WL 4371763, at *3 (D. N.J. Sept. 18, 2008); *accord Ford Motor Co. v. Edgewood Props., Inc.*, 257 F.R.D. 418, 428-29 (D. N.J. 2009). The parties to a joint defense agreement, however, are relevant because the *existence* of the agreement may demonstrate bias. *See Ford Motor Co.*, 257 F.R.D. at 429; *Warren Distrib. Co*, 2008 WL 4371763, at *3.

During oral argument, Watson's counsel acknowledged that if the joint defense agreement here contains only boilerplate terms designed to protect from discovery the confidential information shared (or to be shared) by Biovail and Sanofi, then the agreement would not be relevant.

Indeed, that is all the agreement contains. After independently reviewing the agreement *in camera*, the Court finds that it is a garden variety joint defense agreement that merely sets up a framework of procedures for the parties to share information while preventing disclosure of confidential materials to third parties. It does not contain substantive business information or anything other than the mechanism for safely sharing information -- a conclusion which Biovail's counsel agreed with at the hearing when discussing what portions of the agreement might be worthy of work product protection.

Accordingly, the Court will deny the motion to compel because the agreement contains only boilerplate joint defense terms and therefore is not relevant to any party's claims or defenses.

Biovail disclosed Sanofi as the other party to the agreement after Watson filed its motion to compel, and during the oral argument Biovail agreed to provide Defendants

with the date on which the agreement was signed, which is February 18, 2010. Defendants now know the parties to the joint defense agreement and the date of the agreement -- the only relevant information in this particular joint defense agreement.

Accordingly, Watson's motion to compel (DE# 48) is denied.

DONE AND ORDERED in Chambers, at Miami, Florida, this 30th Day of August, 2010.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record