UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-20526-CIV-MORENO/GOODMAN

BIOVAIL LABORATORIES
INTERNATIONAL SRL,

    Plaintiff,

vs.

WATSON PHARMACEUTICALS, INC.,
WATSON LABORATORIES, INC.-FLORIDA,
and WATSON PHARMA, INC.

    Defendants.
_____/

**SUPPLEMENTAL ORDER CONCERNING LEGAL AUTHORITY
SUBMITTED IN SUPPORT OF DEFENDANTS' MOTION
TO COMPEL PRODUCTION OF JOINT DEFENSE AGREEMENT**

This order is being issued *sua* sponte, in connection with a reply memorandum (DE# 59) submitted by the Defendants, Watson Pharmaceuticals, Inc., Watson Laboratories, Inc.-Florida, and Watson Pharma, Inc., ("Watson") in support of their motion (DE# 48) to compel the production of a joint defense agreement between the Plaintiff, Biovail Laboratories International SRL ("Biovail"), and Sanofi-Aventis US LLC, a non-party who is Biovail's commercial partner with respect to an antidepressant called Aplenzin®.

In support of its motion and in furtherance of its reply memorandum, Watson submitted, as Exhibit A, an opinion from the United States District Court for the Northern District of California, San Jose Division (DE# 59-1). That opinion, *Hynix Seminconductor, Inc. v. Rambus, Inc.*, contains the following on its very first page: **"NOT FOR CITATION**." In addition, footnote 1 to the *Hynix* Order, on page 1, explains: "This disposition is not appropriate for publication and **may not be cited**." (emphasis supplied).

Local Rule 3-4(e) of the Civil Local Rules for the Northern District of California also addresses the issue of whether "not for citation" orders may be cited. Entitled

"Prohibition of Citation to Uncertified Opinion or Order," this local rule provides: "Any order or opinion that is designated 'NOT FOR CITATION,' pursuant to Civil L.R. 7-14 or pursuant to a similar rule of any other issuing court, may not be cited to this Court, either in written submissions or oral argument, except when relevant under the doctrines of law of the case, *res* judicata or collateral estoppels."

Civil Local Rule 7-14, Northern District of California, in turn, provides, in a rule entitled "Designation Not for Citation," "It is within the sole discretion of the issuing Judge to determine whether an order or opinion issued by that Judge shall not be citable. Any order or opinion which the issuing judge determines shall not be citable shall bear in the caption before the title of the Court 'NOT FOR CITATION.'"

Consistent with these local rules, the district court judge in *Hynix* included the "NOT FOR CITATION" caption on the front page, in the designated spot, above the title of the Court.

At this Court's August 30, 2010 hearing on Watson's motion to compel, Biovail called this Court's attention to the unpublished nature of *Hynix*, the "may not be cited" directive attached to it and Watson's citation and submission of the case despite these circumstances. Biovail objected to the submission.

At the risk of stating the obvious, the Civil Local Rules for the Northern District of California do not govern the rules and procedures used by the United States District Court for the Southern District of Florida. *See* Civil L.R. 1-2(a) (Scope, Purpose and Construction), Civil Local Rules for the Northern District of California.

Our district court here in the Southern District of Florida does not have a local rule similar to the "not for citation" local civil rules for the Northern District of California. Likewise, the Federal Rules of Civil Procedure, which do apply in our district, do not contain these types of restrictions on citing legal authority.

Nevertheless, for purposes of analytical guidance, we turn to Federal Rule of Appellate Procedure 32.1 (Citing Judicial Dispositions), which provides, in subsection (a), that "[a] court my not prohibit or restrict the citation of federal judicial opinions, orders, judgments, or other written dispositions that have been" (i) designated as "unpublished," "not for publication," "non-precedential," "not precedent," or the like; and (ii) issued **on or after January 1, 2007**." (emphasis supplied). The *Hynix* opinion,

which was issued by a retired judge sitting as a special master, was issued on May 5, 2005.

Consistent with Rule 32.1, Eleventh Circuit Rule 36-2, entitled "Unpublished Opinions," provides, in pertinent part, that "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority."

The Internal Operating Procedures of the Eleventh Circuit (for Circuit Rule 36) provide even greater detail about unpublished opinions:

2. "Under the law of this circuit, published opinions are binding precedent. …

6. "A majority of the panel determines whether an opinion should be published. Opinions that the panel believes to have no precedential value are not published. Although unpublished opinions may be cited as persuasive authority, they are not considered binding precedent. **The court will not give the unpublished opinion of another circuit more weight than the decision is to be given in that circuit under its own rules. …"** (emphasis supplied).

Circuit Rule 36-3, of the Ninth Circuit Court of Appeals, permits the citation of unpublished dispositions and orders of the Ninth Circuit -- *if* they were issued on or after January 1, 2007. The same rule prohibits the citation to unpublished dispositions and orders of the Ninth Circuit issued before January 1, 2007, unless subject to certain exceptions inapplicable to the instant case involving Biovail and Watson.

Given the unequivocal "not for citation" and "may not be cited" warnings on the *Hynix* Order, the absence of a local rule authorizing or prohibiting the citation of unpublished opinions, the analogous appellate provisions which permit citation to unpublished opinions on or after January 1, 2007 and the pre-January 1, 2007 status of the *Hynix* Order, Watson's decision to cite and submit a copy of the unpublished 2005 Order was certainly unorthodox and arguably improper.

In order to eliminate any confusion over the definition of permissible legal authority, the parties are authorized to cite and submit in this case unpublished opinions issued on or after January 1, 2007 but may not use earlier unpublished opinions.

DONE AND ORDERED in Chambers, at Miami, Florida, this 31st Day of August, 2010.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record