UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 10-20526-CIV-MORENO

VALEANT INTERNATIONAL
(BARBADOS) SRL,

      Plaintiff,

vs.

WATSON PHARMACEUTICALS, INC.,
WATSON LABORATORIES, INC.—
FLORIDA, and WATSON PHARMA, INC.

      Defendants.

PLAINTIFF VALEANT INTERNATIONAL (BARBADOS) SRL'S
MEMORANDUM IN SUPPORT OF ITS MOTION FOR RECONSIDERATION
OF ITS MOTION FOR AN AMENDED FINAL JUDGMENT

A.  **INTRODUCTION**

Plaintiff Valeant International (Barbados) SRL ("Valeant") moves for reconsideration of the Order entered on December 12, 2011. (D.E. 165). In the order, the Court did not address the substance of Valeant's motion for an amended judgment, but instead denied that motion on the procedural ground that the Watson defendants' notice of appeal had "divested the district court of jurisdiction." (D.E. 165).

Valeant respectfully submits that Watson's notice of appeal did not divest the Court of jurisdiction. First, Watson's notice of appeal is ineffective under Federal Rule of Appellate Procedure 4(a)(4) because of Valeant's earlier-filed Rule 59 motion. Under pertinent rules and case law, this Court retains jurisdiction until the Rule 59 motion is substantively resolved.

Moreover, the Complaint has claims for two forms of relief – one mandatory and the other discretionary. (D.E. 45 at 25). To date none of the Court's orders address either of Valeant's claims for relief. Accordingly, there is as yet no final order from which an appeal can properly be taken. For this further reason, Watson's untimely notice of appeal did not divest the Court of jurisdiction.

Therefore, Valeant respectfully requests the Court to reconsider its order denying Valeant's motion on procedural grounds and to substantively rule on its motion for entry of an order addressing its claims for relief.

B.  **BACKGROUND**

On November 8, 2011, the Court entered judgment in favor of Valeant and against the Watson defendants. (D.E. 159). The Court's judgment addressed all liability issues, but did not provide any of the relief requested in Valeant's Complaint, including the mandatory relief under 35 U.S.C. §271(e)(4)(A).

Promptly after entry of the judgment, Valeant contacted Watson to point out that the judgment did not provide any relief. Under governing Federal Circuit case law, this meant the judgment was not final. Accordingly, to be final the judgment needed to be amended to at least include the mandatory relief. On November 18, 2011, Valeant proposed to Watson specific language to amend the judgment and asked Watson to consent to a joint request to the Court to make that amendment. By December 2, 2011, Watson had neither consented nor provided any reason why the order should not be amended to provide the requested relief. With the time to make a Rule 59 or 60 motion running out, Valeant had no choice but to make a motion on its own. Therefore, on December 2, 2011, Valeant timely moved, under Federal Rules of Civil Procedure 59(e) and 60, to amend the judgment to include a statement of relief. (D.E. 160).

On December 7, 2011, while Valeant's motion was pending, the Watson defendants – knowing that the judgment required correction and knowing that Valeant's Rule 59 and 60 motion was pending – prematurely filed a notice of appeal. (D.E. 162). On December 12, 2011, the Court denied Valeant's motion "in view of the notice of appeal ... divesting the district court of jurisdiction." (D.E. 165).

Valeant immediately contacted Watson and pointed out to Watson that the filing of its notice of appeal was ineffective and asked Watson to jointly request that the Court vacate its order concerning the notice of appeal and enter an amended judgment granting the mandatory relief.[1] Again, without citing any legal authority or any reason for doing so, Watson declined to join in the present motion.

---

[1] Because the parties agree that the discretionary injunctive relief under §§ 271(e)(4)(B) and 283 is at this time arguably redundant with respect to the mandatory relief under 35 U.S.C. § 271(e)(4)(A) and premature given that Watson's ANDAs are not in approvable condition, Valeant offered to withdraw the request for the § 271(e)(4)(B) and § 283 injunctive relief until such time as it might become necessary.

## C. ARGUMENT

### 1. Legal Standards for Motion to Reconsider

District courts have substantial discretion in granting motions for reconsideration. There are three grounds for reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *Burger King Corp. v. Ashland Equities, Inc.*, 181 F.Supp.2d 1366, 1369 (S.D. Fla. 2002); *see also, Skordilis v. Celebrity Cruises, Inc.*, 08-22934, 2009 WL 129383, *1 (S.D. Fla. Jan. 16, 2009) (granting motion for reconsideration based on error); *Z.K. Marine Inc. v. M/V Archigetis*, 808 F.Supp. 1561, 1563 (S.D. Fla. 1992) ("The 'purpose of a motion for reconsideration is to correct manifest errors of law or fact...'").

Valeant respectfully moves for reconsideration based on the need to correct clear error and prevent manifest injustice. *See State Contracting & Engineering Corp. v. Condotte America, Inc.*, 97-7014, 2005 WL 5643877, at *3 (S.D. Fla. May 31, 2005) (granting motion to reconsider and amending order to expressly recite relief that was not included in original order).

### 2. The District Court Is Not Divested of Jurisdiction Because a Rule 59 Motion Suspends the Effectiveness of a Notice of Appeal Until the Motion Is Substantively Ruled Upon

A notice of appeal does not divest a district court of jurisdiction where there is a pending Rule 59 motion, such as Valeant's Motion for an Amended Judgment. In such cases, the district court retains jurisdiction until it resolves the Rule 59 motion. F.R.A.P. 4(a)(4)(A)(iv); *Williams v. Pettiford*, No. 06-14509, 2007 WL 1695714 (11th Cir. June 13, 2007) (unpublished) ("A premature notice of appeal does not divest the district court of jurisdiction to rule upon timely-filed Rule 59(e) motion."); *see also, Gibbs v. Maxwell House, Div. of Gen. Foods Corp.*, 701 F.2d 145, 147 (11th Cir. 1983) (concluding that "any notice of appeal filed before the district court decides [a] Rule 59 motion is ineffective, the court of appeals lacks jurisdiction until the

3

Rule 59 motion is decided"). Other courts have similarly determined that a notice of appeal filed before the district court rules on a Rule 59 motion does not take effect until the motion is disposed of. *Florian v. Sequa Corp.*, 294 F.3d 828, 829 (7th Cir. 2002) ("Until [district court rules on Rule 59 motion] the appeal is suspended-dormant-unripe.")[2]

Valeant filed its Rule 59 motion for an Amended Judgment on December 2, 2011. Given the pendency of that motion, Watson's notice of appeal is ineffective. Accordingly, the Court retains jurisdiction to substantively rule on Valeant's motion.

### 3. The District Court Is Not Divested of Jurisdiction Because the Court Has Not Issued a Final Appealable Order

A further reason for reconsideration is that the Court's November 8, 2011 Amended Judgment was not a final appealable order, because it did not resolve Valeant's claims for relief. Valeant's First Amended Complaint ("FAC") requested "an order issued under 35 U.S.C. § 271(e)(4)(A) that the earliest effective approval date of either ANDA No. 91-500 or 200835, if any, shall be no earlier than the date of expiration of any patent-in-suit Watson is found to infringe, including any extensions." D.E. No. 45, at pg. 25. Valeant's FAC further requested an "injunction issued under 35 U.S.C. §§271(e)(4)(B) and 283."

The Federal Circuit has held that a judgment that does not resolve requests for relief is not final and therefore, is not appealable. *Advanced Cardiovascular Systems, Inc. v. Medtronic Vascular, Inc.*, No. 07-1365, 1997 U.S. App. LEXIS 19297, at *2 (Fed. Cir. Aug. 1, 2007) (unpublished) (dismissing appeal as premature where request for permanent injunctive relief was not decided by the district court); *Nystrom v. Trex Co.*, 339 F.3d 1347, 1350 (Fed. Cir. 2003) ("If

---

[2] *See also, Katerinos v. U.S. Dept. of the Treasury*, 368 F.3d 733, 737 (7th Cir. 2004) ("Under the Federal Rules of Appellate Procedure, a timely motion under Rule 59(e) suspends the time for appealing, and a notice of appeal filed while such a motion is pending is premature."); *Otis v. City of Chicago*, 29 F.3d 1159, 1166 (7th Cir. 1994) (en banc); *United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002); *Miles v. General Motors Corp.*, 262 F.3d 720, 722-23 (8th Cir. 2001); Nickerson v. U.S., 09-2255, 2010 WL 3511257, at *1 (10th Cir. Sept. 9, 2010).

4

AMECURRENT 700939349.1

a case is not fully adjudicated as to all claims ... there is no final decision ... and therefore no jurisdiction."); *see also, Cordance Corp. v. Amazon.Com*, 696 F.Supp.2d 445, 450-451 (D. Del. 2010) (holding appeal inappropriate where equitable defenses remained pending).

Because the court has not yet substantively ruled on Valeant's requests for relief, its November 8, 2011 Amended Judgment was not a final judgment. *Advanced Cardiovascular Systems*, 1997 U.S. App. LEXIS 19297, *2. Accordingly, Watson's premature notice of appeal does not divest the Court of jurisdiction to rule on Valeant's pending requests for relief.

### 4. Failure to Grant the Requested Relief Would Resulted in Manifest Injustice

Not providing Valeant with its requested relief would result in a manifest injustice. The relief Valeant seeks pursuant to 35 U.S.C. §271(e)(4)(A) is mandatory and bars approval of Watson's ANDAs until expiration of the patents-in-suit. Without entry of an order granting this mandatory relief, however, Watson could proceed to obtain final approval of its ANDAs from the FDA despite their concessions that their bupropion hydrobromide products infringe the patents-in-suit and despite this Court's determination that those patents are valid. To prevent that manifest injustice from occurring, Valeant request that the court reconsider its December 12, 2011 Order and rule substantively on Valeant's motion.

### D. CONCLUSION

For all of the above reasons, Valeant respectfully requests that the Court reconsider its order denying Valeant's motion in view of Watson's premature notice of appeal and

5

substantively rule on Valeant's Motion to Amend the Judgment. (D.E. 160).

Dated: December 15, 2011       By: /s/ Harley S. Tropin, Esq.

**KOZYAK TROPIN & THROCKMORTION**
Harley S. Tropin
Gail A. McQuilkin
2525 Ponce de Leon, 9th floor
Telephone: 305-372-1800
Fax: 305-372-3508
Email: hst@kttlaw.com
Email: gam@kttlaw.com

**MAYER BROWN LLP**
Theresa M. Gillis
1675 Broadway
New York, NY 10019
Telephone: (212) 506-2553
Fax: (212) 849-5553
Email: tgillis@mayerbrown.com

**MAYER BROWN LLP**
Thomas W. Jenkins Jr.
71 S. Wacker Drive
Chicago, IL 60606
Telephone: (312) 701-7104
Fax: (312) 706-8598
Email: tjenkins@mayerbrown.com

**Attorneys for Plaintiff Valeant International (Barbados) SRL**

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on December 15, 2011, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By: s/ Harley S. Tropin, Esq.