UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-20526-CIV-MORENO/BROWN

VALEANT INTERNATIONAL (BARBADOS)
SRL,

Plaintiff,

v.

WATSON PHARMACEUTICALS, INC.,
WATSON LABORATORIES, INC.—FLORIDA,
and WATSON PHARMA, INC.

    Defendants.
_____/

**WATSON'S OPPOSITION
TO PLAINTIFF'S MOTION FOR RECONSIDERATION
OF ITS MOTION FOR AN AMENDED FINAL JUDGMENT**

I.       INTRODUCTION

On November 8, 2011, the Court entered its Amended Final Judgment in Valeant's favor on all of its asserted patent claims; Watson then timely filed a notice of appeal to the Court of Appeals for the Federal Circuit so that the Court's Judgment can be reviewed.  Valeant now asks the Court to enter a new judgment that includes terms that are contrary to law and fundamentally flawed, asking the Court to enter relief under 35 U.S.C. § 271(e) on a patent not eligible for relief under that statute and asking the Court to enter injunctive relief despite the fact that Valeant never attempted at trial or in its post-trial briefs to make the showing required for patent injunctions by the Supreme Court in eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388 (2006).  Because Valeant's proposed judgment is both unnecessary and overreaching, Watson respectfully requests that the Court deny Valeant's motion for reconsideration.

II.      **VALEANT'S PROPOSED AMENDED JUDGMENT IS FLAWED IN SEVERAL RESPECTS AND SHOULD NOT BE ENTERED**

   A.    **Valeant's Request for Relief Under Section 271(e) for the '992 Patent—A Patent Not Listed in the Orange Book—Is Improper.**

The first reason that Valeant's proposed amended judgment is flawed and overreaching is because it attempts to obtain 35 U.S.C. § 271(e)(4) relief for infringement of U.S. Patent No. 7,553,992 (the "'992 patent").  Such relief is not available because Section 271(e)(4) applies only to Orange Book[1] patents and Valeant chose not to list the '992 patent in the Orange Book.

The act of filing an Abbreviated New Drug Application is a "highly artificial act of infringement" codified in 35 U.S.C. § 271 to create early jurisdiction over patent disputes in pharmaceutical cases before a generic drug product goes on the market.  Eli Lilly & Co. v. Medtronic, Inc., 496 U.S. 661, 678 (1990).  Section 271(e) is premised on a quid pro quo—

---

[1] The FDA maintains a list of patents that purportedly cover marketed drug products in the Orange Book:  Approved Drug Products with Therapeutic Equivalence Evaluations, commonly known as the Orange Book.

patent owners gain the ability to file infringement suits on competing products before they are marketed in exchange for providing notice to potential competitors of which patents purportedly cover their drug products by listing those patents in the Orange Book.  See 21 C.F.R. §§ 314.53(a), (b); Eli Lilly, 496 U.S. at 678.  Listing patents in the Orange Book exposes those patents to challenges by competitors who file Paragraph IV certifications.[2]  Id.

Valeant seeks to enjoy the benefit of Section 271 for the '992 patent without having paid the admission fee of Orange Book listing.  Valeant never listed the '992 patent in the Orange Book, and Watson could not and did not submit a Paragraph IV certification on that patent.

Valeant impermissibly seeks a judgment under Section 271(e) that approval of Watson's ANDAs shall not be a date earlier than the expiration of all the patents-in-suit, including the '992 patent.  (Valeant's Mot. for Am. J., Docket No. 160 at 3.)  Because Section 271(e) does not apply to non-Orange Book patents, Valeant's requested relief is improper, and should be denied.

**B.    Valeant's Request for a June 27, 2026 Date Certain for 271(e)(4)(A) Relief Is Improper.**

Valeant further overreaches by seeking to have the Court set a date certain—June 27, 2026—before which Watson's bupropion hydrobromide ANDAs could not be approved.

June 27, 2026 is only the currently-scheduled expiration of the Orange Book patents[3] and is subject to change based on uncertain future events.  Numerous changes over the course of the next fourteen years could shorten this date, such as a failure to pay Patent Office maintenance

---

[2]  Companies seeking approval of a generic drug must submit a patent certification under one of four sections at 21 U.S.C. § 355(j)(2)(vii)(I)-(IV) for each patent listed in the Orange Book.  A "Paragraph IV" certification is a statement certifying that an Orange Book patent is invalid or will not be infringed before expiration of the patent.  21 U.S.C. § 355(j)(2)(vii)(IV).

[3]  The patents-in-suit Valeant listed in the Orange Book for Aplenzin® are U.S. Patent Nos. 7,569,610 (the "'610 patent"), 7,563,823 (the "'823 patent"), and 7,649,019 (the "'019 patent").  The other patent-in-suit, the '992 patent, also presently is set to expire on June 27, 2026, but it is not an Orange Book patent because Valeant never listed it in the Orange Book.  See Section II.A.

fees under 35 U.S.C. § 41(b), a terminal disclaimer of the patent terms on reissue or reexamination under 37 C.F.R. § 1.321, a change in statute, or a court decision invalidating the patent claims. There is no certainty that the Orange Book patents' actual date of expiration will be June 27, 2026. Yet, Valeant seeks judgment that would treat the June 27, 2026 date as a certainty.

Section 271(e)(4) also does not require that a court order a date certain for the approval of a drug application upon a finding of infringement. Instead, Section 271(e)(4) simply provides that "the court shall order the effective date of any approval of the drug . . . product involved in the infringement to be a date which is not earlier than the date of the expiration of the patent which has been infringed." 35 U.S.C. § 271(e)(4)(A).

Entering Valeant's overreaching request for a date certain for approval could result in manifest injustice to Watson and require unnecessary motion practice if some event shortens the expiration of the Orange Book patents-in-suit. Watson then still would be subject to a judgment prohibiting approval of its ANDAs until June 27, 2026—a date <u>after</u> the shortened expiration date of the patents-in-suit. This result would be unjust, needlessly requiring Watson to seek further Court intervention to amend the judgment before its ANDAs could be approved, while allowing Valeant to enjoy sales of Aplenzin® without competition from Watson and possibly allowing other generic manufacturers not subject to the judgment to launch their products while Watson awaits relief.

### C. Valeant's Request for Discretionary Injunctive Relief Under Section 271(e)(4)(B) Is Improper.

Valeant's proposed judgment is further overreaching and flawed because it would award Valeant injunctive relief without Valeant having made the showing required by the Supreme Court in its decision in <u>eBay Inc. v. MercExchange, L.L.C.</u>, 547 U.S. 388 (2006). <u>eBay</u> holds

that a patent plaintiff cannot obtain injunctive relief without showing: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay, 547 U.S. at 391.

Valeant did not even attempt at trial or in its post-trial briefing to show that it had satisfied the eBay requirements.[4] This failure alone warrants denying Valeant's request for injunctive relief.

### III. THE COURT'S AMENDED FINAL JUDGMENT WAS, AS IT STATED, A FINAL JUDGMENT AND THEREFORE IMMEDIATELY APPEALABLE

As the Court already has stated, its judgment in this case is final. (Amended Final Judgment, Docket No. 159 (emphasis added).) Valeant asserts that Watson's Notice of Appeal was premature.[5] In support of this argument, Valeant attempts to show that the Court's Amended Final Judgment of November 8, 2011 was not in fact a final judgment. It cannot.

The Court had all of Valeant's claims before it and fully resolved all of them. Nowhere in its Amended Memorandum Opinion (Docket No. 158) or in its Amended Final Judgment

---

[4] Indeed, Valeant concedes that the discretionary injunctive relief it seeks is "premature" and "arguably redundant." (Docket No. 167 at 2 n.1.) Given that Valeant offers no basis for supporting an injunction, while conceding that such relief is unnecessary, Valeant's request to enjoin Watson is improper and should be denied.

[5] Valeant's Motion to Amend the Judgment purportedly was brought under Fed. R. Civ. P. 59(e) and 60. (Docket No. 160.) Given the amendments that Valeant seeks, it is unclear whether its motion properly would be considered a motion under Rule 59(e) or a motion for "relief" under Rule 60 sufficient to toll the time for appeal under Fed. R. App. P. 4(a)(4)(A). But even if Valeant's motion was considered a sufficient tolling motion, Watson's Notice of Appeal was, at a minimum, proper, as "[a] notice filed . . . after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals." Advisory Comm. Notes, Fed. R. App. P. 4, 1993 Amend., Note to Paragraph (a)(4).

(Docket No. 159) does the Court indicate that any claims remained outstanding, and there is no reason to believe this is the case. The Court's Amended Final Judgment granted judgment in Valeant's favor, but did not grant Valeant's request for injunctive relief (which Valeant concedes is discretionary and as to which Valeant did not make the required eBay showing).[6] This judgment was immediately appealable, and it now has been docketed by Court of Appeals for the Federal Circuit. Valeant Int'l (Barbados) SRL v. Watson Pharms., Inc., No. 2012-1117 (Fed. Cir.) (docketed Dec. 27, 2011) ("Watson's Docketed Appeal").

In the alternative, even if Valeant's requests for injunctive relief or an order specifying the date of ANDA approval are outstanding, judgment properly can be entered under Fed. R. Civ. P. 54(b). Valeant's request to amend the judgment does not present any issues that justify delaying Watson's appeal.

In determining whether there is no just cause for delay in judgment, courts consider factors such as "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980).

In this case, the stipulation of the parties as to infringement (Pretrial Stip., Docket No. 95 at 9-10) and the Court's Amended Memorandum Opinion (Docket No. 158) with respect to invalidity makes clear that there are no outstanding issues relating to the infringement or validity of the patents-in-suit. Notably, the Court has disposed of all of Watson's counterclaims (Docket No. 49 at 32-38) concerning the patents-in-suit, which is a sufficient basis for determining that

---

[6] Valeant cannot argue in reply that injunctive relief was granted by implication because Fed. R. Civ. P. 65(d)(1) mandates that "Every order granting an injunction . . . must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail . . . the act or acts restrained or required."

judgment is final.  Johnson & Johnson Vision Care, Inc., v. CIBA Vision Corp., No. 3:05-cv-135-J-32TEM, 2009 U.S. Dist. LEXIS 112407, *13 (M.D. Fla. Nov. 9, 2009) [7] (concluding that judgment was final when all counterclaims of patent infringement, invalidity, and unenforceability were fully decided and the only claims remaining related to a permanent injunction and prayer for damages, attorneys' fees, costs, and pre- and post-judgment interest).

Valeant presents no just cause for delay of an immediate appeal of the Court's judgment.  As discussed above (see Section II.C.), Valeant never presented argument in support of its claim for an injunction under the eBay factors, and should not be allowed to now hold up judgment having not presented argument in support of this claim.  Moreover, the interests to be evaluated and the issues to be resolved in Valeant's pending motion regarding injunctive relief and the approval date of Watson's ANDAs are purely equitable in nature, opposed to the facts and applicable law relating to the parties' dispute over the invalidity of the patents-in-suit, which was finally decided by the Court.  There would be no overlap of the decisions yet to be made by this Court with those giving rise to judgment.

## IV.  THE COURT NEED NOT DECIDE THE FORM OF JUDGMENT UNTIL AFTER THE APPEAL

The Court need not expend judicial resources on the form of judgment at this juncture.  Lamar Adver., Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999) ("In the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly.") (citation omitted).  The Federal Circuit already docketed this case.  See Watson's Docketed Appeal.  And Valeant acknowledges in its

---

[7]  Pursuant to Magistrate Judge Goodman's August 31, 2010 Supplemental Order Concerning Legal Authority, the parties are authorized to cite and submit in this case unpublished opinions issued on or after January 1, 2007 but may not use earlier unpublished opinions. (Docket No. 71 at 4.)

Motion for Reconsideration that Watson's ANDAs currently are not in approvable condition. (Docket No. 167 at 2 n.1.) Considering that the Court has entered judgment against Watson and Valeant's patents-in-suit presently are not set to expire for at least another fourteen years, there is no discernable risk that the FDA will imminently grant approval even without the amendments Valeant seeks, and no basis to support the supposed "manifest injustice" that Valeant asserts warrants its motion for reconsideration.

Further, Watson is appealing the Court's Amended Final Judgment, and the issues presented by Valeant's motion for amendment may be rendered moot by the Federal Circuit's decision. In short, adjudication of these issues should be postponed until after the Federal Circuit renders its decision. Watson respectfully submits that the most efficient path forward is to allow the Federal Circuit to review the merits of the Court's judgment (and related appealed issues), such that the parties can have a prompt determination of patent rights. There is no need for further consideration of relief now, especially not in the flawed and overreaching form proposed by Valeant.

**V.     CONCLUSION**

For the foregoing reasons, Watson respectfully requests that the Court deny Valeant's Motion for Reconsideration of Its Motion for an Amended Final Judgment.

Dated: January 3, 2012                                  Respectfully submitted,

                                                         s/Janet T. Munn
                                                        Janet T. Munn
                                                        Email: jmunn@rascoklock.com
                                                        Florida Bar No. 501281
                                                        *Rasco Klock, et al.*
                                                        283 Catalonia Avenue
                                                        Suite 200
                                                        Coral Gables, FL 33134
                                                        Telephone: 305.476.7101
                                                        Facsimile: 305.476.7102

AND

s/John L. North
John L. North, Esq.
*(admitted pro hac vice)*
Email: jnorth@kasowitz.com
Jeffrey J. Toney, Esq.
*(admitted pro hac vice)*
Email: jtoney@kasowitz.com
Darcy L. Jones, Esq.
*(admitted pro hac vice)*
Email: djones@kasowitz.com
Meghan M. Rachford, Esq.
*(admitted pro hac vice)*
Email: mrachford@kasowitz.com
*Kasowitz, Benson, Torres &*
*Friedman LLP*
1360 Peachtree Street, N.E.,
Suite 1150
Atlanta, GA 30309
Telephone: 404.260.6105
Facsimile: 404.260.6081

AND

s/Norman E.B. Minnear
Norman E.B. Minnear, Esq.
*(admitted pro hac vice)*
Email: jminnear@kasowitz.com
*Kasowitz, Benson, Torres &*
*Friedman LLP*
1633 Broadway
New York, NY 10019
Telephone: 212.506.1742
Facsimile: 212.500.3563

*Attorneys for Defendants Watson*
*Pharmaceuticals, Inc.; Watson*
*Laboratories, Inc. – Florida and*
*Watson Pharma, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of January, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached service list in the manner specified, either via transmission of notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>By: s/Janet T. Munn
>Janet T. Munn

-10-

## SERVICE LIST

By: CM/ECF

Harley S. Tropin, Esq.
Email: hst@kttlaw.com
Gail A. McQuilkin, Esq.
Email: gam@kttlaw.com
Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon Boulevard, 9th Floor
Coral Gables, FL 33134
Telephone: 305.372.1800
Facsimile: 305.372.3508

Theresa M. Gillis, Esq.
Email: tgillis@mayerbrown.com
Mayer Brown LLP
1675 Broadway
New York, NY 10019
Telephone: 212.506.2553

Thomas W. Jenkins, Jr., Esq.
Email: tjenkins@mayerbrown.com
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL 60606
Telephone: 312.701.7104